```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

KENEL JOSEPH,

    PLAINTIFF,

v.                                           2:23-cv-334-JES-KCD

INSPECTOR GENERAL and
FLORIDA DEPARTMENT OF
CORRECTIONS,

    DEFENDANTS.
_____/

## OPINION AND ORDER

Plaintiff Kenel Joseph, a prisoner of the Florida Department of Corrections proceeding pro se, initiated this action by sending the Court a civil rights complaint form. (Doc. 1). In the complaint, Joseph generally alleges that the defendants have not satisfactorily responded to his allegations of sexual abuse and have otherwise discriminated against him. (Id.) With the complaint, Joseph also filed a motion to proceed as a pauper (Doc. 2), a "Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 4), and an "Emergency Motion for Evidentiary Hearing to Immediately Change Custody of the Affiant to Alleviate Imminent Risk of Danger" (Doc. 5). The complaint and motions for injunctive relief are before the Court for initial screening.[1]

---

[1] The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as

After careful review, the Court concludes that Joseph's complaint must be dismissed because it does not state a claim on which relief may be granted. Likewise, his motions for injunctive relief are denied. Joseph must file an amended complaint if he wishes to proceed in this action.

## I. Pleadings

### A. Complaint

In the fact section of his complaint, Joseph alleges only the following sentence:

> The claim is broad "negligence." I am attaching a sworn affidavit by oath of the affiant; and plaintiff.

(Doc. 1 at 4). Notably, no affidavit is attached to the complaint. As relief, Joseph seeks 250 million dollars in damages because he has "been the subject of sexual abuse on four occasions while in the custody of FDOC and none have resulted in any arrests being made and was threatened w/charges being pressed against me not for perjury but murder for hire." (Id.) He claims that he has been threatened by both officers and inmates. (Id. at 5). He also requests a full pardon or a transfer to the Charlotte County Jail

---

possible in the litigation. The Court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or that state states no claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court may sua sponte dismiss a prisoner's complaint prior to service. See 28 U.S.C. § 1915A(a).

because he has filed a civil action against every department of the Florida Department of Corrections.  (Id.)

### B. Motions for Injunctive Relief

In his motion for a preliminary injunction and temporary restraining order (Doc. 4), Joseph generally avers that he is at risk "due to the negligence of the FDOC Internal Affairs Office." (Id. at 1).  He notes that "it is in the public's interest that FDOC agents and officers obey the laws of the Constitution."  (Id.) Joseph attaches an affidavit in which he alleges various allegations of abuse by other inmates and officers—none of whom are named as defendants in his complaint.  (Doc. 4-2).[2]

In his second motion, Joseph asserts that, because he has filed civil complaints against many officials at his prison, he is afraid of retaliation.  (Doc. 5).  In an attached affidavit, he states that he received a disciplinary report "under false pretenses and also conducted in a procedural violation manner" and that his visitation rights have been suspended.  (Doc. 5-2 at 1). Joseph alleges that the Inspector General's Offices "lacks motivation and has a nonchalant attitude" towards his safety. (Id. at 2).  He also claims that he has been denied grievance forms.  (Id.)

---

[2] On May 23, 2023, the Court alerted officials at Charlotte Correctional Institution of Plaintiff's fear of physical injury and retaliation.  (Doc. 3).

## II. Discussion

### A. Joseph's complaint does not state a claim on which relief may be granted.

As presented, Joseph's complaint does not state a claim upon which relief may be granted because it would be impossible for a defendant to file a responsive pleading to the sparse allegations. Although the Court must liberally construe a pro se complaint, neither the Court nor the defendants are required to read between the lines to create a claim on Joseph's behalf. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro* se litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that

4

contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1323. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. (footnote omitted). Here, Joseph's lack of factual development violates Rule 8(a)(2), rendering it difficult or impossible for the defendant to file a cogent response to his claims. Although pro se complaints are held to a less stringent standard than those drafted by an attorney, district courts must still dismiss shotgun complaints. See Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Nevertheless, the Court will briefly address Joseph's allegations to provide guidance should he re-file this action or file another complaint in the future.

   **1. General negligence claims are not cognizable in a 42 U.S.C. § 1983 complaint.**

Joseph asserts that he brings only a broad claim of negligence against the defendants. The complaint contains insufficient facts for the Court to liberally construe it as raising an Eighth Amendment deliberate indifference claim for failure to protect, and the Supreme Court has held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original); see also Paul v. Davis, 424 U.S. 693, 701 (1976)

5

(rejecting an argument that the Fourteenth Amendment is "a font of tort law to be superimposed upon whatever systems may already be administered by the States."). Therefore, allegations of general negligence, standing alone, cannot support a 42 U.S.C. § 1983 complaint.

### 2. Joseph cannot seek release from custody in a 42 U.S.C. § 1983 complaint.

In addition to damages, Joseph seeks a full pardon. (Doc. 1 at 5). Where, as here, the relief sought by a prisoner is a judicial determination that he is entitled to a speedier (or immediate) release from custody, the inmate's federal remedy is through a writ of habeas corpus, not a section 1983 complaint. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when a prisoner challenges the fact or duration of his confinement, and the relief sought is release, his sole federal remedy is a writ of habeas corpus); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (finding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting Preiser, 411 U.S. at 489).

The Court will not construe Joseph's complaint as a habeas petition. He does not style it as such, and he does not allege that he exhausted his habeas remedies in state court. However, Joseph is not precluded from filing a habeas corpus petition (in a new case) after exhausting all habeas claims in state court.

### 3. Joseph cannot sue the Florida Department of Corrections for monetary damages.

Joseph describes the sole defendant in this case as "Inspector General; FDOC Internal Affairs; Officer." (Doc. 1 at 2).[3] However, under the Eleventh Amendment, a state or its agencies cannot be sued for monetary damages in federal court without consent. Pennhurst State School & Hospital v. Halderman, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether a plaintiff's claims are brought under federal or state law. Id. The Florida Department of Corrections (FDOC) is a state agency for Eleventh Amendment purposes. See, e.g., Walden v. Fla. Dep't of Corr., 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes").

Neither Florida nor the FDOC has consented to suit in federal court or waived Florida's Eleventh Amendment immunity with respect to any of Joseph's claims. See Leonard v. Fla. Dep't of Corr., 232 F. App'x 892, 894 (11th Cir. 2007) ("The Department of Corrections is not amenable to suit because it has immunity under

---

[3] It is unclear from the complaint whether Plaintiff sues the agency or one of its employees. To the extent Plaintiff intended to name an individual, a suit against a state official in his or her official capacity is a suit against the official's office and is no different than a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

the Eleventh Amendment." (citing Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989))). Accordingly, Joseph should not seek damages directly against the state or state agencies in any amended complaint.

**B.   Joseph is not entitled to preliminary injunctive relief.**

In his motions for injunctive relief, Joseph makes a litany of unrelated allegations of retaliation (or potential retaliation) from people who are not named as defendants in this suit, and he asks the Court to order his release or immediate transfer to another prison. (Doc 4; Doc. 5).

As a preliminary matter, Joseph appears to seek injunctive relief against various officials at Charlotte Correctional Institution. However, these officials are not named as defendants in this action. The Court lacks jurisdiction to issue a restraining order against a non-party. See Infant Formula Antitrust Litigation, MDL 878 v. Abbot Labs., 72 F.3d 842, 842-43 (11th Cir. 1995) (finding that a court lacks subject matter jurisdiction to issue preliminary or permanent injunction against a non-party).

Nevertheless, even if Joseph seeks injunctive relief against the named defendants, the party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant

8

outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to [all] four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (internal quotation marks omitted).

Joseph has not met his burden of persuasion on the requirements for obtaining injunctive relief. First, because this case is due to be dismissed for failure to state a claim (see discussion supra), he cannot show a substantial likelihood of success on the merits. Moreover, service of process has not been effected on the defendants, and no discovery has been exchanged. Therefore, the record contains only Joseph's unsubstantiated allegations, and that, standing alone, cannot meet the high hurdle of showing a likelihood of success on the merits.

Next, it is unclear how Joseph could show irreparable injury if an injunction is not entered. To the extent the motions can be interpreted as a request that prison officials be ordered not to retaliate against him for filing his lawsuits, it is clearly established that retaliating against an inmate for filing a

9

grievance or lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, a request for an order prohibiting any prison official from retaliating against Joseph would serve little purpose, as it would amount to nothing more than an instruction to "obey the law," which is a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Finally, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, under the circumstances presented by this case, the Court will not insert itself into the decision-making process of where to house a state prisoner, and will not order Joseph's transfer.

In sum, the unsubstantiated allegations and conclusory assertions in Joseph's motions do not demonstrate entitlement to injunctive relief. Rather, the motions appear to merely restate (or state for the first time) the allegations of wrongdoing and ultimate relief sought by this lawsuit. In other words, Joseph attempts to leapfrog the litigation process and have the Court grant the relief requested without hearing from the opposition. The Court thus denies both motions for injunctive relief.

### III. Conclusion

Joseph's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). As a general rule, "[w]here a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Odion v. Siris Property Management, LLC, 628 F. App'x 635, 637 (11th Cir. 2015). On this record, the Court cannot categorically exclude the possibility that Joseph may be able to state a cognizable claim via a more carefully drafted complaint. For that reason, and in deference to his pro se status, Joseph may amend his complaint to identify the defendants and the claims he wishes to assert and to plead those claims with sufficient specificity to comply with this Order. Any amended complaint will also be subject to preliminary screening.

Accordingly, it is now **ORDERED**:

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 195(e)(2)(B)(ii).
2. Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 4) is **DENIED.**
3. Plaintiff's emergency motion for evidentiary hearing to immediately change custody (Doc. 5) is **DENIED.**

4.  Plaintiff may file an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order.  If no amended complaint is filed, this case will be closed, and judgment entered accordingly.

5.  The **Clerk** is **DIRECTED** to send Plaintiff a blank prisoner civil rights complaint form and the Court's instructions for prisoners filing a 42 U.S.C. § 1983 civil action.

**DONE AND ORDERED** in Fort Myers, Florida on July 27th, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:   FTMP-2

Copies to:    Kenel Joseph
Encl:    Complaint for Violation of Civil Rights (Prisoner), Explanation and Instructions for Prisoners Filing a Civil Action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331